**REISSUED FOR PUBLICATION**
**SEP 25 2017**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-957V
Filed: August 31, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DONNA BALDWIN, | \* |
| Petitioner, | \* |
| v. | \* Interim attorneys' fees and costs decision; reasonable attorneys' fees and costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 5, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging she suffered cardiac arrest as a result of her receipt of influenza vaccine. A Ruling on Entitlement has not been issued in the case.

On August 28, 2017, petitioner filed a motion for interim attorneys' fees and costs. Petitioner requests $89,101.80 in interim attorneys' fees and $19,806.57 in interim attorneys' costs, for a total request of $108,908.37. Petitioner's counsel filed a motion to withdraw on the same day petitioner filed her motion for interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 31, 2017, respondent filed a response to petitioner's motion explaining he defers to the undersigned to decide whether petitioner has met the legal standard for an interim fees and costs award. Resp. at 2. Respondent states that if the undersigned finds an award of interim attorney fees and costs is appropriate at this juncture in the case, he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Id. Should the undersigned find an award of interim attorneys' fees and costs is appropriate, respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award." Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."). Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that an award of interim attorneys' fees and costs is appropriate at this juncture in the case. However, she finds that it is unreasonable for petitioner to request reimbursement for costs incurred by having Dr. M. Eric Gershwin review her medical records.

Petitioner did not file an expert report from Dr. Gershwin. However, petitioner requests a total of $11,875.00 for Dr. Gershwin's review of the case. Fee App. Ex. 40, at 3. In an informal communication to the undersigned's law clerk and respondent's counsel, petitioner's counsel said Dr. Gershwin drafted a report supporting the case. Petitioner's counsel said he would have filed the report had he continued on with the case.

The undersigned will not pay this cost. In his interim fee application, petitioner does not justify why it was necessary for Dr. Gershwin, who is not a cardiologist,[2] to review the case. Petitioner's counsel did not file the expert report from Dr. Gershwin, even though at this point in time he is still representing petitioner and has an obligation to his client. **Therefore, the undersigned subtracts $11,875.00 from petitioner's interim attorneys' fees and costs award.**

Accordingly, the court awards **$97,033.37**, representing interim attorneys' fees and costs.

---

[2] In an expert report from Dr. Gershwin filed in another case concerning cardiac issues involving the same counsel, Dr. Gershwin writes he defers to the expert cardiologist involved in that case for all issues having to do with cardiology, as he is not a cardiologist. His CV does not indicate he has any experience in cardiology.

The award shall be in the form of a check made payable jointly to petitioner and Maglio, Christopher & Toale in the amount of **$97,033.37**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: August 31, 2017                                                     /s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.