# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-957V
Filed: April 27, 2020
UNPUBLISHED

| | |
|---|---|
| DONNA BALDWIN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 12, 2019, petitioner moved for an award of interim attorneys' fees and costs in the amount of $54,928.56. (ECF No. 98.) In response, respondent deferred to the special master regarding the amount and appropriateness of an award of interim attorneys' fees and costs and whether petitioner has met the statutory requirements for an award of attorneys' fees and costs in this case. (ECF No. 99.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $54,663.06.

### I.  Procedural History

On December 5, 2013, petitioner, Donna Baldwin, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered ventricular fibrillation and cardiac arrest caused-in-fact by her October 13,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

2011 influenza ("flu") vaccination.  (ECF No. 1.)  This case was originally assigned to Special Master Millman.  (ECF No. 2.)

Petitioner, through her prior counsel, first retained Dr. Robert A. Waugh, who provided several expert reports in support of petitioner's claim; however, Dr. Waugh subsequently withdrew from the case.  (Exs. 25, 29, 35, 36.)  Respondent filed his Rule 4(c) report on September 30, 2015, recommending against compensation, and provided responsive expert reports from Dr. Laurence S. Sperling.  (ECF No. 41; Exs. A, E.)

On August 31, 2017, interim attorneys' fees and costs was awarded to petitioner's prior counsel when he withdrew from the case.  (ECF No. 60.)  On October 2, 2017, Andrew Downing, petitioner's current counsel, was substituted in as counsel. Thereafter, petitioner filed expert reports from Dr. Robert M. Stark, who replaced Dr. Waugh as the expert opining in support of petitioner's claim.  (Exs. 39, 43.)  Following Dr. Sperling's departure from this case, respondent filed expert reports from Dr. Shane R. LaRue.  (Exs. H, S.)

This case was reassigned to my docket on June 7, 2019.  (ECF No. 87.)  During a status conference on July 23, 2019, the parties agreed to proceed to a ruling on the written record in lieu of proceeding to a hearing.  (ECF No. 91.)   On September 23, 2019, petitioner filed a motion for a decision on the record.  (ECF No. 92.)  On November 22, 2019, respondent filed his response to petitioner's motion.  (ECF No. 93.) Petitioner filed her reply on February 5, 2020.  (ECF No. 97.)  Additionally, petitioner filed a limited second supplemental expert report from Dr. Stark.  (ECF No. 96.)

On February 11, 2020, petitioner filed this instant motion for interim attorneys' fees and costs.  (ECF No. 98.)  Respondent filed his response to petitioner's motion for interim attorneys' fees and costs on March 2, 2020.  (ECF No. 99.)  Petitioner filed no reply.  Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.     Discussion

### a.  An Award of Interim Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In his response, respondent defers to the special master to determine whether this statutory standard has been met in this case.  (ECF No. 99, p. 3.)  Special Master Millman granted petitioner's first motion for interim attorneys' fees and costs, finding an award of interim attorneys' fees and costs was appropriate.  (ECF No. 60.)  Since that time, there is no evidence that this petition was brought in bad faith or that petitioner lost

2

reasonable basis.  Upon my own review, I also find that the petitioner was brought in good faith and has a reasonable basis.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.*  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  Respondent deferred to my discretion as to whether the standard for an interim award of fees and costs is appropriate in this case.  (ECF No. 99, p. 3.)

Here, petitioner's request for interim fees and costs is made after more than two years of litigation within the entitlement phase of this case and after petitioner incurred expenses related to additional expert opinions to support her claim.[2]  And, although petitioner's motion also comes after petitioner moved for a ruling on the record, that motion has not yet been decided and, given the possibilities of either a damages phase of litigation and/or a motion for review, the timing of the ultimate resolution of this claim remains unknown.  Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable.

### b. Reasonableness of the Requested Award

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

In this case, petitioner seeks interim attorneys' fees of $42,928.56 for work performed beginning in late 2017 to present.  I have reviewed the billing records submitted with petitioner's request and, in my experience, the hourly rates billed for attorney time and paralegal time are all reasonable and also in accord with prior awards made by other special masters.

---

[2] Multiple motions for interim awards for attorneys' fees and costs are generally disfavored; however, this is the first request for an award of interim fees and costs by petitioner's current counsel and it comes after present counsel has litigated this case for two years and incurred costs to retain an expert not previously retained by prior counsel.  (The previously retained expert had ceased participating in the case just prior to the change of counsel, requiring present counsel to seek out and retain an additional expert.)

However, turning to the hours billed, special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication. *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for attending the same case meetings/conferences, communicating with each other regarding the same matters, and reviewing/receiving the same orders. These duplicative billing entries result in a **reduction of $265.50** of the interim fee award.[3]

Additionally, petitioner seeks interim attorneys' costs of $12,361.06, including $11,713.75 in expert costs. (ECF No. 98-1, pp. 27-29.) I have reviewed the expenses and the supporting documents submitted by petitioner and I find that the requested interim attorneys' costs are all reasonable.

### III.    Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $54,663.06 representing $42,302.00 in interim attorneys' fees and $12,361.06 in interim attorneys' costs.

**Accordingly, I award the total of $54,663.06 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] For Ms. Van Cott, 0.70 hours were reduced from her overall billing, resulting in a reduction of $157.50 for entries billed on June 13, 2019, September 16, 2019, and January 15, 2020. For Ms. Avery, 0.80 hours were reduced from her overall billing, resulting in a reduction of $108.00 for entries billed on June 6, 2019, June 7, 2019, July 24, 2019, November 22, 2019, and December 3, 2019.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.