# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-957V
Filed: March 29, 2021
UNPUBLISHED

| | |
|---|---|
| DONNA BALDWIN,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs Decision |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 10, 2020, petitioner moved for an award of final attorneys' fees and costs in the amount of $18,208.23. (ECF No. 119.) Respondent did not file a response. For the reasons discussed below, I award petitioner final attorneys' fees and costs in the full amount requested.

### I. Procedural History

On December 5, 2013, petitioner, Donna Baldwin, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered ventricular fibrillation and cardiac arrest caused-in-fact by her October 13, 2011 influenza ("flu") vaccination. (ECF No. 1.) This case was originally assigned to Special Master Millman. (ECF No. 2.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Petitioner, through her prior counsel, first retained Dr. Robert A. Waugh, who provided several expert reports in support of petitioner's claim; however, Dr. Waugh subsequently withdrew from the case. (Exs. 25, 29, 35, 36.) Respondent filed his Rule 4(c) report on September 30, 2015, recommending against compensation, and provided responsive expert reports from Dr. Laurence S. Sperling. (ECF No. 41; Exs. A, E.) On August 31, 2017, interim attorneys' fees and costs was awarded to petitioner's prior counsel when he withdrew from the case. (ECF No. 60.)

On October 2, 2017, Andrew Downing, petitioner's current counsel, was substituted in as counsel. Thereafter, petitioner filed expert reports from Dr. Robert M. Stark, who replaced Dr. Waugh as the expert opining in support of petitioner's claim. (Exs. 39, 43.) Following Dr. Sperling's departure from this case, respondent filed expert reports from Dr. Shane R. LaRue. (Exs. H, S.) This case was reassigned to my docket on June 7, 2019. (ECF No. 87.)

Petitioner subsequently filed a limited second supplemental expert report from Dr. Stark. On September 23, 2019, petitioner filed a motion for a decision based on the written record. Respondent filed his response to petitioner's motion on November 22, 2020, and petitioner filed a reply and a limited second supplemental expert report from Dr. Stark on February 5, 2020. (ECF Nos. 92-93, 96-97.) On April 27, 2020, interim attorneys' fees and costs were awarded to current counsel, Mr. Downing. (ECF No. 100.)

On June 4, 2020, I issued a Decision addressing petitioner's motion for a decision based on the written record and dismissed her petition. (ECF No. 104.) Petitioner filed for a motion for review on July 6, 2020. (ECF No. 106.) This case was then assigned to Judge Eleni M. Roumel for review. (ECF No. 108.) On December 2, 2020, petitioner's motion for review was denied and judgment against petitioner entered on the same day. (ECF Nos. 117, 118.)

Petitioner filed a motion for final attorneys' fees and costs on December 10, 2020. (ECF No. 119.) Respondent did not file a response. Accordingly, petitioner's motion for attorneys' fees and costs is now ripe for resolution.

## II.     Discussion

Section 15(e)(1) of the Vaccine Act provides for "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In my prior decision awarding interim attorneys' fees and costs, I confirmed that this case was brought in good faith and had a reasonable basis. (ECF No. 100, pp. 2-3.) Subsequent to that award of interim attorneys' fees and costs, petitioner is now seeking additional final attorneys'

fees and costs of $18,208.23.  (ECF No. 119.)  These attorneys' fees and costs were reasonably incurred pursuing petitioner's motion for review.

I find upon review of the submitted billing records and based on my experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable.  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl 1991.)  Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

### III. Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, petitioner's motion for an award of final attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $18,208.23.

**Accordingly, I award the total of $18,208.23 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.